The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner William C. Bost. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. The defendants, Dowe Annas and Wayne Thomas Dula, are masons who perform basic masonry work in Caldwell County. For the years 1993 and 1994 they performed various contracts together under various individual owners and also through various general contractors.
2. In approximately July of 1994, the defendants, Dowe Annas and Wayne Thomas Dula (hereinafter Annas and Dula), entered into an oral contract with an owner of Terry Cannon for the performance of basic brick and masonry work for the total amount of $8,180.00. The method for payment for their services for the rendering of this work on this brick veneered residence was $50.00 per hour. According to the testimony of Mr. Annas, this amount was paid in two checks, one paid directly to Mr. Dula and one directly to Mr. Annas.
3. The defendants, Annas and Dula, performed most of the jobs which they did in 1993 and 1994, and indeed for many years prior thereto jointly. The defendants, Annas and Dula, provided the scaffolding, the mortar mixer, and the wheel barrows to be used in these joint projects, regardless of who actually paid for or supplied this various equipment.
4. Marshall Franklin (hereinafter plaintiff), worked as a mason's helper supplying mortar, bricks and blocks directly to Mr. Annas and Mr. Dula at the work sites. Specifically, he was doing this particular job at the work site of Terry Cannon. He was paid on the basis of $8.00 per hour which was divided equally between Mr. Annas and Mr. Dula after they received the $50.00 per hour amount that was paid by the owner, Terry Cannon. The plaintiff worked directly under the control of both Mr. Annas and Mr. Dula depending upon what their individual needs were at the work site.
5. On August 4, 1994, the plaintiff's hand became entangled in the mortar mixer which was being used on the Cannon job and the plaintiff sustained substantial injury to his right hand including broken bones and lacerations. He was immediately taken to Dr. Richard O. McBurney in Hudson, North Carolina and he was then referred and came under the direct treatment and care of Dr. Mark R. Mcginnis at Hickory Orthopaedic Center in Hickory.
6. The plaintiff originally worked for the defendant from approximately June 3, 1993 until October 29, 1993. He recommenced his employment for the defendants on July 15, 1994 up until the day of his accident of August 4, 1994. For the period from August 5, 1994 to August 18, 1994, the plaintiff only earned the total amount of $64.00. The average weekly wage for the plaintiff for the period from July 15, 1994 until July 29, 1994 was $262.69. This would yield a compensation rate which should be the basis of this claim in the amount of $174.47.
7. The injured plaintiff is entitled to compensation only if he can allege that he was an employee of the alleged employer at the time of the accident, and this is a jurisdictional question.
8. The defendants, by virtue of their tax returns, were acting in a self-employed capacity. They in fact were actually operating more as an informal partnership, since they shared their common equipment and materials; and they also shared their common equipment and materials; and they also shared their costs and expense, and divided the hourly rate which was paid to them. They also tried to treat the plaintiff as an independent contractor by virtue of the 1099 which was submitted to him.
9. Since the plaintiff provided his services equally to both defendants as required for a set wage ($8.00 per hour), he has certainly demonstrated that he was an employee of the defendants.
10. At no time relevant to this action, particularly on or about August 4, 1994, did the defendants, Annas and Dula, individually or together employ three or more employees regularly employed in any business or profession.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Unless one or both of the defendants, either individually or as a partnership, are found to have employed three or more employees at the time of the injury by accident of Marshall Franklin, the defendants are not bound or covered by the provisions of the North Carolina Worker's Compensation Act. N.C.G.S. 97-2
2. Unless one or both of the defendants are subject to the provisions of the Worker's Compensation Act, the Industrial Commission is without jurisdiction to hear or determine the claim.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Since plaintiff has failed to show that defendants employed the minimum number of employees at the time of the injury, regardless of whether the defendants are considered to be individuals, proprietors, joint ventureers, or partners, the Industrial Commission is without jurisdiction to decide this matter.
2. Since the defendants are not bound by the provisions of the North Carolina Worker's Compensation Act, and the plaintiff is not covered under the provisions of the Act, the claim of the plaintiff, Marshall Franklin, is dismissed.
3. Each party to this action shall bear his own costs.
FOR THE FULL COMMISSION
 S/ __________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ____________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________ J. RANDOLPH WARD COMMISSIONER
CMV/cnp/mj 6/7/96